UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMINGO CASTILLO JACOBO,  ) | |
| Movant,  ) | NO.   CR-04-2049-WFN-1 |
|                              ) | CV-08-3044-WFN |
| -vs-                         ) | ORDER |
|                              ) | |
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
| Respondent.    ) | |

Before the Court is Defendant's pro se Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed July 16, 2008 (Ct. Rec. 90). On August 14, 2008, the Court issued an Order which gave Mr. Jacobo until September 15, 2008, to file supplementary materials containing factual support for the timeliness of Mr. Jacobo's 28 U.S.C. §2255 Motion. No supplementary materials were filed.

**BACKGROUND**

Mr. Jacobo was indicted March 9, 2004 on two counts: conspiracy to distribute more than 100 grams of methamphetamine in violation of 21 U.S.C. § 846; and distribution of more than 100 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Ct. Rec. 1). Mr. Jacobo was found to be indigent and counsel was appointed to represent him (Ct. Rec. 13). Subsequently, retained counsel Antonio Salazar substituted for appointed counsel (Ct. Rec. 26). A jury trial commenced on December 15, 2004 (Ct. Rec. 41). He was found guilty on both counts on December 17, 2004.[1]  This Court sentenced him to 240 months of

---

[1]The previous Order contained a typographical error; the correct date is December 17, 2004.

ORDER - 1

...

incarceration on March 31, 2005 (Ct. Rec. 56). An appeal was filed on April 4, 2005. The Ninth Circuit affirmed, entering the Mandate on August 14, 2006 (Ct. Rec. 86). Mr. Jacobo was assigned new counsel to appeal the Ninth Circuit's decision to the Supreme Court. The Supreme Court denied certiorari on January 8, 2007.

**DISCUSSION**

Mr. Jacobo's §2255 Motion is not timely. The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2008). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness. *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). In addition, the prisoner must show a causal connection

between the extraordinary circumstance and his failure to timely file his motion. *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id.*

Since the Movant filed the §2255 Motion more than one year after the date that the conviction became final, Movant asserts several grounds to justify his submission on July 16, 2008. Movant provides three separate rationales supporting timely submission: first, Movant argues that he was barred from filing due to an impediment by the Government; second, he argues that his counsel failed to timely notify him of the denial of certiorari; and third, he contends that his limited English skills prevented him from filing within a year of the final judgment.

Each of the grounds stated by the Movant could support a timely Motion, but because the Movant failed to provide any factual support for his contentions, the Court must deny the Motion as untimely. Regarding the governmental action, Movant fails to indicate what government action prevented him from filing his Motion within a year of judgment. Similarly, though Movant asserts that his counsel failed to timely notify him of denial of certiorari, he does not provide the Court with any factual information which would justify accepting his Motion as timely. He does not indicate when and how he discovered that certiorari had been denied.

Though inability to speak English can constitute an extraordinary circumstance justifying equitable tolling of the statute of limitations, "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). The Court gave the Movant an opportunity to provide facts which would have supported his equitable tolling claims based on his limited English skills, but Movant failed to do so.

ORDER - 3

Thus, Movant has not shown that equitable tolling is appropriate based on his limited English.

Once the Court has afforded the Movant notice and opportunity to respond to the Court's concerns regarding timeliness of the Motion, the Court may *sua sponte* dismiss the Movant's Motion. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). In the August 14, 2008 Order, the Court explained the standard for timely submission and provided the Movant with the opportunity to submit additional materials supporting his claims that the Motion is timely. Movant failed to file any additional materials and his original Motion fails to include factual support for Movant's assertions.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion that the Movant has failed show that his Motion is timely. Thus a certificate of appealability should issue. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed July 16, 2008, **Ct. Rec. 90**, is **DENIED.**

2. The District Court Executive is directed to:

    (a)    File this Order;

    (b)    Provide copies of the Order to Mr. Jacobo; and

    (c)    Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and

1  (d)  **CLOSE** the corresponding civil file, **CV-08-3044-WFN**.

**DATED** this 30th day of September, 2008.

09-30

```
                              s/ Wm. Fremming Nielsen
                              WM. FREMMING NIELSEN
                         SENIOR UNITED STATED DISTRICT JUDGE
```

ORDER - 5